UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER SUMPTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  2:10CV00035 AGF |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's application for reimbursement of attorney's fees in the amount of $3,096.71 (18.5 hours at an hourly rate of $167.39), pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Plaintiff requests that, if granted, the EAJA award of fees be paid directly to his attorney rather than to Plaintiff.

The Court finds that Plaintiff's request for attorney's fees is supported by appropriate documentation.  In addition, Plaintiff is the prevailing party in this action inasmuch as the Court entered a judgment on September 23, 2011, reversing the decision of the Commissioner and remanding this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

In his response to Plaintiff's request for attorney's fees, the Commissioner offers no objection to an award of fees or to the amount sought.  Nor does the Commissioner

object to payment of the fees directly to Plaintiff's counsel, provided Plaintiff has assigned the fees to his attorney and owes no debt to the Government.  Acknowledging that under *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010), the EAJA fee belongs to the Plaintiff, rather than his attorney, the Commissioner nonetheless asserts that payment of the fees directly to the attorney is appropriate because 31 C.F.R. § 285.5(e)(6)(I)[1] assures that a valid assignment will not preclude the United States Department of Treasury from applying the EAJA award to offset any federal debt Plaintiff may owe.

      The Court does not agree with this position.  Whether or not the regulation cited by the Commissioner preserves the Department of Treasury's right to apply the EAJA payment to offset a federal debt, the Court understands *Ratliff* to require that the EAJA award be made directly to Plaintiff.  *Id.* at 2529.  In *Ratliff*, the Supreme Court, addressing   the meaning of "prevailing party" for purposes of an EAJA award, held that the Government's history of paying EAJA awards directly to attorneys where the Plaintiff had no federal debt and had assigned the right to receive the fees to his attorney, did not alter the Supreme Court's interpretation of the EAJA requirement that an award of attorney's fees be made directly to the "prevailing party."  *Id.* at 2529.  The parties offer

---

[1]   31 C.F.R. § 285.5(e)(6)(I) provides in pertinent part:
If a person, including a Federal contractor, assigns the right to receive a Federal payment to a third party (the "assignee"), the assigned payment will be subject to offset to collect a delinquent debt owed by the assignee.

no authority for the position that the asserted ability of the cited regulation to preserve the Government's right to collect unpaid debt, changes this determination. Therefore, the Court will adhere to the Supreme Court's directive in *Ratliff* that under the EAJA, an award of attorney's fees be made to the "prevailing party."

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application for attorney's fees is **GRANTED** in the amount of $3,096.71. [Doc. #30]

**IT IS FURTHER ORDERED** that said award shall be made payable to Plaintiff.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2012.

3